Joseph R. Federici
LAW OFFICE OF PAUL J. KILMINSTER
One State Street Plaza, 31st Floor
New York, NY 10004
jfederici@intactinsurance.com
212.440.6505
*Attorneys for Plaintiff*
*Atlantic Specialty Insurance Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ATLANTIC SPECIALTY INSURANCE            Civ. No.
COMPANY A/S/O SEASONAL PACKAGING,
INC.,

                Plaintiff,

   vs.                                                                     **COMPLAINT**

JDY INTERNATIONAL, INC. and
MEDITERRANEAN SHIPPING COMPANY
S.A.,

                Defendants.
----------------------------------------------------------X

    Plaintiff, ATLANTIC SPECIALTY INSURANCE COMPANY ("ASIC"), as subrogee of SEASONAL PACKAGING, INC., by and through its attorneys, LAW OFFICE OF PAUL J. KILMINSTER, as and for its complaint against defendants JDY INTERNATIONAL, INC. (hereinafter "JDY") and MEDITERRANEAN SHIPPING COMPANY, S.A. (hereinafter "MSC") alleges upon information and belief, as follows:

**INTRODUCTION**

1. This case arises from the failure of defendants to deliver in good actual order a shipment consisting of 573 cartons of jute handbags, jute sack bags, and cotton handbags loaded into container MSCU5183868 (the "Shipment") and shipped on board the MSC DHANTINA

but reportedly lost overboard at sea from the MSC ANTONIA, as more specifically described below.

## JURISDICTION

2. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1331 and 1333.

3. This Court is the proper venue for this action based on contracts of carriage for ocean freight to New York, and by virtue of a forum selection clause in the terms and conditions of the Bill of Lading.

## THE PARTIES

4. At all times hereinafter mentioned, plaintiff ASIC was and now is a corporation or other business entity organized and existing by virtue of the laws of the State of New York, with an office and principal place of business at 605 Highway North, Suite 800, Plymouth, MN 55441.

5. ASIC is the insurer of the Shipment at issue herein, and brings this action on its own behalf and as agent and trustee on behalf of and for the interests of all parties who may be or become interested in the Shipment, as their respective interests may ultimately appear, and ASIC is entitled to maintain this action.

6. At all times hereinafter mentioned, defendant MSC was and now is a foreign business entity organized and existing by virtue of the laws of a foreign country, with an office and place of business c/o Mediterranean Shipping Company (USA) Inc. at 420 5th Avenue, 8th Floor, New York, NY 10018.

7. At all times hereinafter mentioned, defendant JDY was now and is a corporation or other business entity duly existing at law, with an office and place of business at 2707 E. Valley

Blvd, Ste 310, West Covina, CA 91792, engaged in business a as common carrier of good for hire, issuing bills of lading and/or sea waybills for the common carriage of goods aboard certain ocean-going vessels.

8. At all times hereinafter mentioned defendants were and still are doing business within the jurisdiction of this Honorable Court as common carriers and/or bailees of merchandise that provide logistics, freight and shipping services to their customers.

9. The contract of carriage prepared by MSC provides that disputes shall be determined in the United States District Court for the Southern District of New York.

## RELEVANT FACTS

10. On or about August 6, 2024, the Shipment, carried in container MSCU5183868, was tendered to and delivered into the custody and/or control of defendants (and/or their agents, servants, and/or subcontractors) in good order and condition, and suitable in every respect for the intended transportation, which Defendants received, accepted, and agreed to transport by ocean carriage from Kolkata, India to New York, USA, for certain consideration and payment of freight charges, pursuant to bill of ladings issued by JDY and MSC (MEDUHN058084).

11. The Shipment never arrived in New York. By letter dated October 23, 2024, MSC advised that the MSC ANTONIA faced heavy weather conditions along the coast of South Africa, and container MSCU5183868 was lost overboard.

12. By reason of the premises, defendants (and/or their agents, servants, and/or subcontractors) breached and deviated from their statutory, contractual, and/or common duties and obligations as carriers and/or bailees of the Shipment; were negligent and careless in their

handling of the Shipment; and are otherwise liable for the losses and damages described herein.

13. Following the loss, the owner of the Shipment submitted an insurance claim to plaintiff under policies then in full force and effect for the loss of and/or damage to the Shipment, which plaintiff paid.

14. By virtue of the payments to the shippers, consignees, and/or owners of the Shipment, plaintiff became subrogated to all of its respective rights, remedies, and claims for relief with respect to the Shipment, including those asserted against defendants herein.

15. All obligations and conditions precedent to be performed by the shippers, consignees, and/or owners of the Shipment, and/or plaintiff as subrogee, have been performed, waived, or otherwise excused, including the payment of freight.

16. By reason of the foregoing, ASIC has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $75,000.

**WHEREFORE**, plaintiff ATLANTIC SPECIALTY INSURANCE COMPANY, respectfully requests the following:

a. The Court order, adjudge and decree that defendant, JDY INTERNATIONAL, INC. be found liable to pay plaintiff the losses sustained herein of at least $75,000, together with pre-judgment and post-judgment interested thereon and their costs,

b. The Court order, adjudge and decree that defendant MEDITERRANEAN SHIPPING COMPANY, S.A. be found liable to pay plaintiff the losses sustained herein of at least $75,000, together with pre-judgment and post-judgment interested thereon and their costs, and;

c. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: August 13, 2025
New York, New York

Respectfully submitted,

By: _____
Joseph R. Federici
LAW OFFICE OF PAUL J. KILMINSTER
*Attorneys for Plaintiff*
Atlantic Specialty Insurance Company
One State Street Plaza, 31st Floor
New York, NY 10004
jfederici@intactinsurance.com
212.440.6505

To:

MEDITERRANEAN SHIPPING COMPANY
420 5th Avenue, 8th Floor
New York, NY 10018

JDY INTERNATIONAL, INC.
2707 E. Valley Blvd, Ste 310,
West Covina, CA 91792

5